T.C. Summary Opinion 2003-100

UNITED STATES TAX COURT

GREGORY C. AND PHYLLIS LAM, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12153-00S.            Filed July 23, 2003.

Gregory C. and Phyllis Lam, pro sese.

<u>Margaret Rigg</u>, for respondent.

PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  Unless otherwise
indicated, section references are to the Internal Revenue Code in
effect for the year in issue.  The decision to be entered is not
reviewable by any other court, and this opinion should not be
cited as authority.

Respondent determined a deficiency of $1,981 and an

accuracy-related penalty of $396.20 in petitioners' 1998 Federal income tax.  This Court must decide:  (1) Whether petitioners are entitled to deduct expenses claimed on Schedule C, Profit or Loss From Business, and (2) whether petitioners are liable for the accuracy-related penalty under section 6662(a).

Some of the facts in this case have been stipulated and are so found.  Petitioners resided in San Mateo, California, at the time they filed their petition.

During taxable year 1998, petitioner Gregory C. Lam (petitioner) purportedly was involved in three businesses: project management, photography, and construction.  In connection with these businesses, petitioners attached three Schedules C, Profit or Loss From Business, to their 1998 Form 1040, U.S. Individual Income Tax Return.  The deductions claimed on the Schedule C relating to petitioner's photography business are not at issue.  Respondent disallowed deductions claimed on the other two Schedules C because petitioners did not establish that the claimed expenses were paid or incurred during taxable year 1998 or that the expenses were ordinary and necessary to petitioner's businesses.

On the Schedule C pertaining to petitioner's project management business, petitioner reported gross income of $250 and a net loss of $6,695.  Respondent disallowed deductions claimed on that Schedule C for car and truck expenses of $755,

depreciation expense of $2,810, and other expenses of $1,586.  On the Schedule C pertaining to petitioner's construction business, petitioner reported gross income of $1,000 and a net loss of $10,763.  Respondent disallowed deductions claimed on that Schedule C for car and truck expenses of $1,356, depreciation expense of $1,501, insurance expense of $1,422, and other expenses of $5,326.

Respondent contends that the documents offered by petitioner provide insufficient evidence to support the claimed deductions. We agree.  Section 7491 is inapplicable here because petitioners have not complied with the requisite substantiation requirements. Sec. 7491(a)(2)(A).

Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  Taxpayers, however, must maintain sufficient records to establish the amount of claimed deductions. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Section 274(d)(4) imposes stringent substantiation requirements for the deduction of certain listed property defined under section 280F(d)(4).  Listed property includes, inter alia, automobiles and computers.  Sec. 280F(d)(4)(A).  To deduct expenses for such listed property, including depreciation, taxpayers must substantiate by adequate records the following items:  The amount of each separate expenditure, the listed

property's business and total usage, the date of the expenditure or use, and the business purpose for an expenditure or use. Sec. 274(d); sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). To substantiate a deduction by means of adequate records, a taxpayer must maintain an account book, diary, log, statement of expense, trip sheets, and/or other documentary evidence, which, in combination, are sufficient to establish each element of expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Each element of an expenditure or use must be made at or near the time of the expenditure or use. Sec. 1.274-5T(c)(2)(ii)(A), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Moreover, when section 274(d) applies, as here, this Court cannot rely on Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930), to estimate the taxpayer's expenses. Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).

Petitioner had no books of account or other records concerning his alleged businesses or any evidence of the expenditures in issue. At trial, petitioner had no reconstructed records to support his claimed deductions. Petitioner's miscellaneous documents from third parties and some items from petitioner or his wife were not adequate to support any of his deductions. Petitioner relied on his own testimony.

It is well established that this Court is not bound to accept a taxpayer's self-serving, unverified, and undocumented testimony. Tokarski v. Commissioner, 87 T.C. 74, 77 (1986); Hradesky v. Commissioner, 65 T.C. 87 (1975). We find petitioner's testimony to be just that, self-serving, unverified, and undocumented. As such, we conclude that petitioners have failed to establish that they are entitled to the deductions claimed on their Schedules C under section 162, much less under the strict standards of section 274.

As to the accuracy-related penalty, section 6662(a) imposes a 20 percent penalty on the portion of any underpayment of tax attributable to negligence or disregard of rules or regulations. Sec. 6662(b)(1). Negligence is any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws and includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 6662(c); sec. 1.6662-3(b)(1), Income Tax Regs. Moreover, negligence is the failure to exercise due care or failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Disregard includes any careless, reckless, or intentional disregard of rules or regulations. Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs. No penalty will be imposed with respect to any portion of any underpayment if it is shown that

there was a reasonable cause for such portion and that the taxpayer acted in good faith with respect to such portion.  Sec. 6664(c).

On this record, we conclude that petitioners are liable for the accuracy-related penalty under section 6662(a) as imposed by respondent.  Petitioners have failed to provide any reasonable explanation or credible evidence to substantiate entitlement to the claimed deductions.  Such actions are not those of a reasonable and prudent person under the circumstances.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered for respondent</u>.